UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

QUASAY CARTER,

       Plaintiff,                                Hon. Paul L. Maloney

v.                                                    Case No. 1:22-cv-1199

COMMISSIONER OF
SOCIAL SECURITY,

       Defendant.
_____/

## REPORT AND RECOMMENDATION

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence, it shall be conclusive. Pursuant to 28 U.S.C. § 636(b)(1)(B), authorizing United States Magistrate Judges to submit proposed findings of fact and recommendations for disposition of Social Security appeals, the undersigned recommends that the Commissioner's decision be affirmed.

## STANDARD OF REVIEW

The Court's jurisdiction is limited to a review of the Commissioner's decision and of the record made in the administrative hearing process. *Tucker v. Commissioner of Social Security*, 775 Fed. Appx. 220, 225 (6th Cir., June 10, 2019). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *Id.* at 224-25. Substantial evidence is more than a scintilla, but less than a preponderance, and constitutes such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Livingston v. Commissioner of Social Security*, 776 Fed. Appx. 897, 898 (6th Cir., June 19, 2019).

The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *Biestek v. Commissioner of Social Security*, 880 F.3d 778, 783 (6th Cir. 2017). The substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *Moruzzi v. Commissioner of Social Security*, 759 Fed. Appx. 396, 402 (6th Cir., Dec. 21, 2018). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *Luukkonen v. Commissioner of Social Security*, 653 Fed. Appx. 393, 398 (6th Cir., June 22, 2016).

## BACKGROUND

Plaintiff was 38 years of age on his alleged disability onset date and 45 years of age when his insured status expired. (PageID.317, 327). Plaintiff completed high school but has no past relevant work. (PageID.327). Plaintiff applied for benefits on August 10, 2016, alleging that he had been disabled since December 31, 2015, due to learning disability and memory impairment. (PageID.30, 185).

Plaintiff's application was denied, after which time he requested a hearing before an Administrative Law Judge (ALJ). Following an administrative hearing, ALJ Sarah Smisek, in an opinion dated September 27, 2018, determined that Plaintiff did not qualify for disability benefits. (PageID.30-40). This matter was ultimately remanded to the Commissioner by the United States District Court for the Western District of Michigan. (PageID.398-400).

Following a second administrative hearing, ALJ Donna Grit, in an opinion dated September 12, 2022, likewise determined that Plaintiff did not qualify for disability benefits. (PageID.314-29). The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter. Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

Plaintiff's insured status expired on December 31, 2022. (PageID.317); *see also*, 42 U.S.C. § 423(c)(1). Accordingly, to be eligible for Disability Insurance Benefits under Title II of the Social Security Act, Plaintiff must establish that he

became disabled prior to the expiration of his insured status.  *See* 42 U.S.C. § 423; *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff bears the burden to demonstrate he is entitled to disability benefits and he satisfies his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A).  While the burden of proof shifts to the Commissioner at step five of the sequential evaluation process, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined. *O'Neal v. Commissioner of Social Security*, 799 Fed. Appx. 313, 315 (6th Cir., Jan. 7, 2020).

The ALJ determined that Plaintiff, as of the expiration of his insured status, suffered from borderline intellectual functioning and a learning disorder, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.317-21).

With respect to Plaintiff's residual functional capacity, the ALJ determined that as of the date his insured status expired, Plaintiff retained the ability to perform work at all exertional levels subject to the following non-exertional limitations: (1) he cannot work at unprotected heights; (2) he can understand, remember, and apply information to perform simple tasks, make simple decisions, focus on and complete simple tasks timely, and adapt to occasional changes in workplace routines; and (3) instructions for tasks need to be provided orally or by graphics with no requirement to perform mathematical calculations or handle money/financial transactions.  (PageID.321).

The ALJ found that Plaintiff had no past relevant work at which point the burden of proof shifted to the Commissioner to establish by preponderant evidence that there is a significant number of jobs in the national economy that Plaintiff can perform, his limitations notwithstanding.  *O'Neal*, 799 Fed. Appx. at 316.  In satisfying this burden, the ALJ may rely on a vocational expert's testimony.  *Ibid*.

In this case, a vocational expert testified that there existed approximately 173,000 jobs in the national economy which an individual with Plaintiff's RFC could perform. (PageID.328). This represents a significant number of jobs. *See, e.g., Taskila v. Commissioner of Social Security*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'"). Accordingly, the ALJ concluded that Plaintiff was not entitled to benefits.

## I. Listing of Impairments

The Listing of Impairments, detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1, identifies various impairments which, if present to the severity detailed therein, result in a finding that the claimant is disabled. In her decision, the ALJ analyzed at length Plaintiff's claim that his intellectual impairments satisfied Listing 12.05. Plaintiff argues that the ALJ analyzed his claim pursuant to the wrong standard. Plaintiff further argues that even assuming the ALJ applied the proper standard, her assessment is not supported by substantial evidence.

On September 26, 2016, the Social Security Administration published its final rules concerning changes it was implementing to the Listings concerning the assessment of mental disorders. *See* Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66138-01, 2016 WL 5341732 (S.S.A., Sept. 26, 2016).

With respect to when its revised criteria would take effect, the Social Security Administration stated:

> As we noted in the dates section of this preamble, these final rules will be effective on January 17, 2017. We delayed the effective date of the rules to give us time to update our systems, provide training and guidance to all our adjudicators, and revise our internal forms and notices before we implement the final rules. The prior rules will continue to apply until the effective date of these final rules. When the final rules become effective, we will apply them to new applications filed on or after the effective date of the rules, and to claims that are pending on or after the effective date.

*Id.* at 66138.

To further clarify the matter, the Social Security Administration added that "[i]f a court reverses our final decision and remands a case for further administrative proceedings after the effective date of these final rules, we will apply the final rules to the entire period at issue in the decision we make after the court's remand. *Id.* at 66138 n.1. Plaintiff's claim was remanded to the Commissioner by this Court on May 11, 2021. Thus, the revised rules govern Plaintiff's claim. Plaintiff has identified no authority to the contrary.

Listing 12.05 provides as follows:

12.05 Intellectual disorder, satisfied by A or B:

A. Satisfied by 1, 2, and 3:

1. Significantly subaverage general intellectual functioning evident in your cognitive inability to function at a level required to participate in standardized testing of intellectual functioning; and

2. Significant deficits in adaptive functioning currently manifested by your dependence upon others for personal needs (for example, toileting, eating, dressing, or bathing); and

-7-

3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

OR

B. Satisfied by 1, 2, and 3:

1. Significantly subaverage general intellectual functioning evidenced by a or b:

a. A full scale (or comparable) IQ score of 70 or below on an individually administered standardized test of general intelligence;

or

b. A full scale (or comparable) IQ score of 71–75 accompanied by a verbal or performance IQ score (or comparable part score) of 70 or below on an individually administered standardized test of general intelligence; and

2. Significant deficits in adaptive functioning currently manifested by extreme limitation[1] of one, or marked limitation[2] of two, of the following areas of mental functioning:

a. Understand, remember, or apply information; or

b. Interact with others; or

c. Concentrate, persist, or maintain pace; or

d. Adapt or manage oneself; and

---

[1] A person experiences "extreme limitation" when they "are not able" to function "independently, appropriately, [and] effectively" on a sustained basis. 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(e).

[2] A person experiences "marked limitation" when their ability to function "independently, appropriately, [and] effectively" on a sustained basis is "seriously limited." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(d).

> 3. The evidence about your current intellectual and adaptive functioning and about the history of your disorder demonstrates or supports the conclusion that the disorder began prior to your attainment of age 22.

20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.05.

The ALJ concluded that Plaintiff did not satisfy subsection A. (PageID.319-20). Plaintiff advances no argument that he satisfies this portion of the Listing. With respect to subsection B, Plaintiff achieved full-scale IQ scores of 74 and 75 and a verbal IQ score of 66. (PageID.270, 305). As the ALJ recognized, these results satisfied subsection (B)(1)(b). (PageID.319-20). The ALJ further concluded that because Plaintiff "has no more than moderate limitations in the areas of mental functioning," he failed to satisfy subsection (B)(2). (PageID.320). The ALJ concluded, therefore, that Plaintiff did not satisfy the requirements of the Listing.

In his appeal, Plaintiff does not advance any specific argument that he experiences an extreme limitation in one, or marked limitation in two, of the areas of mental functioning identified in the Listing. Instead, Plaintiff merely argues that because he graduated last in his high school class he satisfies the Listing. (ECF No. 20 at PageID.848). Plaintiff fails to articulate, however, how this isolated fact supports the conclusion that he experiences an extreme or marked limitation in any of the aforementioned areas of functioning.

Plaintiff also argues that because prior decisions by this ALJ concerning Listing 12.05 have been remanded, the ALJ's present decision is not supported by substantial evidence. Plaintiff has identified no authority supporting the idea that this Court can rely on evidence presented by different claimants when assessing

whether the ALJ's assessment in this case is supported by substantial evidence. To the contrary, as noted above, in assessing Plaintiff's appeal the Court can only rely on the ALJ's decision and the administrative record created in this case. *See Tucker*, 775 Fed. Appx. at 225.

As the ALJ noted, the evidence supports the conclusion that Plaintiff experiences no more than moderate limitations[3] in the relevant areas of functioning. For example, Wayne Kinzie, Ph.D. characterized Plaintiff's cognitive impairments as "mild" and noted that such did not prevent Plaintiff from performing "simple work activities." (PageID.277). Likewise, Glenn Peterson, Ph.D. noted that Plaintiff "will have no difficulty comprehending simple instructions, especially if they are presented graphically." (PageID.271). Dr. Peterson further noted that Plaintiff "will have no difficulty working with his peers, his superiors, or the public. . .[and] will not struggle with interruptions from emotional responding." (*Id.*). As the ALJ further observed:

> [Plaintiff] spends time with his family, cares for his son, goes out with friends, and has worked with coworkers and supervisors. He shops, takes public transportation, and interacts appropriately with medical professionals. While he reports embarrassment finding he does not always understand what is being said in social interactions or relating to current events, he does not participate in outpatient services that might help address such limitations.

(PageID.320-21).

---

[3] A person experiences "moderate limitation" when their ability to function "independently, appropriately, [and] effectively" on a sustained basis is "fair." 20 C.F.R., Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(c).

Plaintiff bears the burden to demonstrate that he satisfies the requirements of a listed impairment. *See Kirby v. Comm'r of Soc. Sec.*, 2002 WL 1315617 at *1 (6th Cir., June 14, 2002). An impairment satisfies a listing, however, "only when it manifests the specific findings described in all of the medical criteria for that particular impairment." *Lambert v. Commissioner of Social Security*, 2013 WL 5375298 at *8 (W.D. Mich., Sept. 25, 2013) (citing 20 C.F.R. §§ 404.1525(d) and 416.925(d)).

Plaintiff has failed to demonstrate that his impairments, or the limitations resulting from such, satisfy the requirements of Listing 12.05. The ALJ's conclusion that Plaintiff does not satisfy this Listing is supported by substantial evidence. Accordingly, this argument is rejected.

## II.   Plaintiff's Subjective Allegations

At the administrative hearing, Plaintiff reported that he was unable to work because he experiences difficulty understanding/following instructions and working with others. (PageID.345-46, 352). Plaintiff reported similar difficulties in a September 2016 function report. (PageID.211-18). The ALJ, however, discounted Plaintiff's subjective allegations on the ground that such were inconsistent with the evidence of record. (PageID.321-24). Plaintiff argues that he is entitled to relief because the ALJ improperly discounted his subjective allegations.

While "pain alone, if the result of a medical impairment, may be severe enough to constitute disability," *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984), a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled."  20 C.F.R. § 404.1529(a); *see also*, *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).

Instead, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard.  First, it must be determined whether the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's alleged symptoms.  *See* Titles II and XVI: Evaluation of Symptoms in Disability Claims, Social Security Ruling 16-3p, 2016 WL 1119029 at *3-4 (S.S.A., Mar. 16, 2016).  Next, the intensity and persistence of the claimant's symptoms are evaluated to determine the extent to which such limit her ability to perform work-related activities.  *Id.* at *4-9.[4]

As is also well recognized, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801

---

[4] Social Security Ruling 16-3p rescinded Social Security Ruling 96-7p.  *Id.* at *1. However, the adoption of this new Social Security Ruling did not alter the analysis for evaluating a claimant's subjective statements.  Instead, as the Social Security Administration stated, it was simply "eliminating the use of the term 'credibility' [so as to] clarify that that subjective symptom evaluation is not an examination of an individual's character."  *Ibid.*  As courts recognize, aside from this linguistic clarification, "[t]he analysis under SSR 16-3p otherwise is identical to that performed under SSR 96-7p."  *Young v. Berryhill*, 2018 WL 1914732 at *6 (W.D. Ky., Apr. 23, 2018).

(6th Cir., July 29, 2004). But, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Ibid.* It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. *See, e.g., Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) ("[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable").

In addition to the evidence cited above, the record indicates that Plaintiff prepares meals, performs house and yard work, plays video games, engages in social activities with others, possesses a driver's license, and is able to monitor his blood sugar levels and take his insulin. (PageID.211-18, 341, 348-56). In response, Plaintiff argues that the ALJ's analysis is faulty because the ALJ failed to assess the evidence and instead discounted his allegations by using improper boilerplate language. This argument is rejected as even a cursory review of the ALJ's decision reveals that the ALJ analyzed the entire administrative record and detailed her reasons for discounting Plaintiff's subjective allegations. The ALJ articulated a clear rationale for her decision to discount Plaintiff's subjective allegations. The

ALJ's conclusions and rationale are supported by substantial evidence. Accordingly, this argument is rejected.

### III. Witness Testimony

Plaintiff's mother, Emerson Carter, testified at the administrative hearing that Plaintiff was unable to work because he experiences difficulty understanding and remembering instructions. (PageID.360-61). In a September 2016 function report, Ms. Carter reported that Plaintiff experienced similar difficulties. (PageID.198-205). The ALJ afforded "little weight" to Ms. Carter's statements on the ground that such were inconsistent with the evidence of record. (PageID.327). Plaintiff argues that he is entitled to relief because the ALJ improperly discounted his mother's observations.

If a lay witness provides testimony, "the ALJ cannot disregard it without comment, and must give reasons for crediting the testimony that are germane to each witness." *Maloney v. Commissioner of Social Security*, 480 Fed. Appx. 804, 810 (6th Cir., May 15, 2012). Nonetheless, "even if the ALJ erroneously disregards a lay witness's testimony, the error is harmless if no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination." *Ibid*.

Here, the ALJ articulated reasons, supported by substantial evidence, for discounting Ms. Carter's testimony and assertions. As the ALJ concluded, the evidence does not support Ms. Carter's opinion. Moreover, even if Ms. Carter's observations are fully credited, no reasonable ALJ could reach a different conclusion in this case. Accordingly, this argument is rejected.

## **CONCLUSION**

For the reasons stated herein, the undersigned recommends that the Commissioner's decision be affirmed.

OBJECTIONS to this report and recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).   Failure to file objections within such time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

Date: November 16, 2023            /s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge