UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| QUASAY CARTER, | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:22-cv-1199 |
| -v- | ) | |
| | ) | Honorable Paul L. Maloney |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Carter, through counsel, filed this lawsuit as a review of the final decision of the Commissioner of Social Security denying a claim for disability insurance benefits. The Magistrate Judge issued a report recommending that the Court affirm the Commissioner's decision (ECF No. 23). Plaintiff filed objections (ECF No. 24). The Court will adopt the report and recommendation.

I.

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

II.

While expressing multiple concerns about the decision of the ALJ, Plaintiff does not clearly set forth specific objections to the Report and Recommendation. The Court has reviewed the document and has endeavored to identify particular objections to the factual findings and legal conclusions in the R&R. Plaintiff describes his general disagreement as "boil[ing] down to whether the ALJ properly construed the evidence" (Obj. PageID.890).

 A. Standard for review. The Magistrate Judge set forth the standard by which courts review challenges in social security appeals (R&R PageID.875). Plaintiff does not object to this portion of the R&R.

 B. Listing 12.05, Subsection B. The Administrative Law Judge (ALJ) found that Plaintiff satisfied subsection (B)(1)(b) but not subsection (B)(2) (R&R PageID.882). The Magistrate Judge found that Plaintiff did not demonstrate any error here.

> In his appeal, Plaintiff does not advance any specific argument that he experiences an extreme limitation in one, or marked limitation in two, of these areas of mental functioning identified in the Listing. Instead, Plaintiff merely argues that because he graduated last in his high school class he satisfies the Listing. (ECF No. 20 at PageID.848). Plaintiff fails to articulate, however, how this isolated fact supports the conclusion that he experiences an extreme or marked limitation in any of the aforementioned areas of functioning.

(*id.*) Plaintiff objects (Obj. PageID.891). Plaintiff summarizes the evidence he relied upon in his appeal (failed graduation competency tests) and suggests that the evidence obviously supports the conclusion that Plaintiff meets subsection (B)(2).

 The Court overrules the objection. First, Plaintiff reiterates what was already presented to the Magistrate Judge and does not address the reasoning in the R&R. Second, assuming, for the sake of argument only, that the competency test scores from high school

2

would support the conclusion that Plaintiff suffers an extreme or marked limitation, the ALJ relied on other more recent evidence in the record (ECF No. 6-8 PageID.218-19) that supported the conclusion that Plaintiff did not demonstrate a marked or extreme limitation in any of the areas of functioning.  The Magistrate Judge correctly applied the deferential substantial evidence standard.  Plaintiff has not demonstrated an error in the R&R.

       C. Objection Pages 3-7.  Pages 3 through 7 of the objection can fairly be characterized as descriptive.  Plaintiff mostly summarizes the ALJ's decision and adds commentary.  These portions of the objection do not address any specific finding of fact or conclusion of law in the R&R.  The Court will address the specific instances where Plaintiff mentions what the Magistrate Judge wrote in the R&R.  The Court declines to address Plaintiff's statements in the final paragraph lamenting the general state of the Social Security Administration as those statements do not address any specific finding or conclusion in the R&R.

          1. Page 3 PageID.892.  "Despite that precedent, the Magistrate quoted [the ALJ's] Decision where she found that Plaintiff's ability to spend time with his family, work with co-workers, shop, use public transportation, and speak appropriate[ly] with doctors was proof of his ability to work (PageID.332)."

       The Court overrules the objection.  This portion of the R&R addresses the ALJ's conclusion that Plaintiff had only moderate limitations in the relevant areas of functioning, a part of the Listing 12.05 analysis.  Plaintiff's objection ignores the totality of the evidence discussed in the R&R.  In the paragraph referenced here by Plaintiff, the Magistrate Judge identified evidence that supported the ALJ's conclusion that Plaintiff experienced no more than moderate limitations in the relevant areas of functioning.  Immediately before the

quotation from the ALJ's decision referenced by Plaintiff, the Magistrate Judge cited and discussed findings from Wayne Kinzie, Ph.D. and from Glenn Peterson, Ph.D.  Plaintiff has not identified an error in the R&R.

      2.  Page 4 PageID.893.  "And Plaintiff is the one who did not meet his burden of proof here (PageID.884)?"  On that page, the Magistrate Judge concludes that Plaintiff did not demonstrate that his impairments or the limitations resulting from them satisfied the requirements in Listing 12.05.  To the extent this question is meant to be an objection, the Court overrules the objection.  Plaintiff has not specifically identified any factual or legal error in the Magistrate Judge's discussion of the ALJ's analysis of the requirements in Listing 12.05.

      3.  Page 4 PageID.893.  "Nevertheless, the ALJ concluded that [Plaintiff's mother's] statements were entitled to little weight, and the Magistrate agreed that [the ALJ] supported that conclusion (PageID.887)."  The paragraphs preceding the passage referenced by Plaintiff provides context for the Magistrate Judge's conclusion.  The ALJ found that Plaintiff's mother's statements about the severity of Plaintiff's functional limitations were not supported by other evidence in the record, including medical evidence.  The Magistrate Judge found that the ALJ provided a legally sufficient basis for giving little weight to Plaintiff's mother's opinion.  Plaintiff has not demonstrated an error in the report and recommendation.  Plaintiff cannot rely on Plaintiff's own (non-medical) testimony to corroborate the mother's opinion.  The ALJ acknowledged that Plaintiff and his mother offered similar testimony (PageID.327 "these statements are generally corroborative of the claimant's allegations").

Because the Court finds that the objections do not identify any specific error of fact or law, the Court **ADOPTS**, as its opinion, the Report and Recommendation (ECF No. 23). The Court **AFFIRMS** the final decision of the Commissioner of Social Security.

**IT IS SO ORDERED.**

Date:   January 17, 2024          /s/  Paul L. Maloney
                                                                         Paul L. Maloney
                                                                         United States District Judge